# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| KURT REHFUS, *et al.*, | ) CASE NO. 5:24-cv-412 |
| Plaintiffs, | ) JUDGE CHARLES E. FLEMING |
| v. | ) **MEMORANDUM OPINION** |
|  | ) **AND ORDER** |
| RUST-OLEUM CORPORATION, *et al.*, | ) |
| Defendants. | ) |

## I.    Procedural History

On January 30, 2024, Plaintiffs filed a complaint against Defendants in the Stark County Court of Common Pleas for strict product liability, negligence, and punitive damages.  (ECF No. 1, PageID #13–22).  On March 4, 2024, Defendants Rust-Oleum Corporation, The Home Depot, Inc., and Home Depot U.S.A., Inc. filed a notice of removal alleging the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because non-diverse defendants, RPM International Inc. and Rust-Oleum Sales Company, Inc. were fraudulently joined.  (*Id.* at PageID #1–9).

On April 3, 2024, Plaintiffs filed a motion to remand due to lack of complete diversity of citizenship of the parties because the non-diverse Defendants were not fraudulently joined.  (ECF No. 12).  Plaintiffs argue that they pleaded a colorable statutory products liability claim against RPM International Inc. and a colorable negligence claim against Rust-Oleum Sales Company, Inc. (*Id.* at PageID #149–52).  In the notice of removal, Defendants admitted that RPM International Inc. maintains its principal place of business in Ohio and Rust-Oleum Sales Company, Inc. is incorporated under Ohio law.  (ECF No. 1, PageID #4).

On May 1, 2024, Defendants opposed Plaintiffs' motion arguing that Plaintiffs lack a

colorable cause of action against either of the non-diverse Defendants.  (ECF No. 14, PageID #200).

On May 15, 2024, Plaintiffs replied in support of their motion arguing that Defendants failed to

meet their burden to establish federal subject matter jurisdiction in this case.  (ECF No. 15).

## II.    Legal Standard

For a federal court to have subject matter jurisdiction based on diversity of citizenship,

there must be complete diversity among the parties and the amount in controversy must exceed

$75,000.  28 U.S.C. § 1332(a).  When a federal district court has original jurisdiction over a civil

action brought in state court, the action may be removed by defendants to the district court for the

division embracing the court where such action is pending.  28 U.S.C. § 1441(a).  "If at any time

before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded."  28 U.S.C. § 1447(c).

Fraudulent joinder of non-diverse defendants does not defeat removal on diversity grounds.

*Hall v. OrthoMidwest, Inc.*, 541 F. Supp. 3d 802, 806 (N.D. Ohio 2021).  Fraudulent joinder

requires "it be clear that there can be no recovery under the law of the state on the cause alleged

or on the facts in view of the law." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.

1994).

The removing party carries the burden to demonstrate fraudulent joinder.  *Coyne ex rel.*

*Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  To prove fraudulent joinder, "the

removing party must present sufficient evidence that a plaintiff could not have established a cause

of action against non-diverse defendants under state law." *Id*.  If there is a colorable basis to predict

that plaintiffs may recover against the non-diverse defendants, the Court must remand the action.

*Id*.  Additionally, the Court resolves "all disputed questions of fact and ambiguities in the

controlling state law in favor of the non removing party."  *Id*.  "All doubts as to the propriety of

2

removal are resolved in favor of remand." *Id.*

### III.    Analysis

The parties do not dispute that RPM International, Inc. and Rust-Oleum Sales Company, Inc. are non-diverse Defendants.  (ECF No. 1, PageID #4–5).  For this case to remain with this Court, Defendants must establish fraudulent joinder of the non-diverse Defendants.  Otherwise, this Court lacks subject matter jurisdiction over this action and the action will be remanded.  For the following reasons, the Court finds that Plaintiffs have a colorable basis for recovery against the non-diverse Defendants and remand is proper.

### A.    Strict Product Liability-- RPM International, Inc.

Plaintiffs assert a strict product liability claim pursuant to Ohio Rev. Code § 2307.73 against RPM International, Inc. and Rust-Oleum Corporation.  (ECF No. 1, PageID #16–20).  Plaintiffs allege that the product at issue was defectively manufactured in violation of O.R.C. § 2307.74, defectively designed in violation of O.R.C. § 2307.75, warnings were inadequate in violation of O.R.C. § 2307.76, and that it failed to conform to representations made by Defendants in violation of O.R.C. § 2307.77.  (*Id.* at PageID #17).

Under O.R.C. § 2307.73, a manufacturer is liable for compensatory damages based on a product liability claim if Plaintiffs establish the following: 1) the product in question was defective in manufacture or construction, was defective in design or formulation, was defective due to inadequate warning or instruction, or was defective because it did not conform to a representation made by its manufacturer; 2) a defective aspect of the product in question was a proximate cause of the harm for which Plaintiffs seek to recover compensatory damages; and 3) the manufacturer designed, formulated, produced, constructed, created, assembled, or rebuilt the actual product that was the cause of harm for which Plaintiffs seek compensatory damages.  O.R.C. § 2307.73(A).

"Manufacturer" is defined as, "a person engaged in business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product." O.R.C. § 2307.71(A)(9).

Defendants argue that Plaintiffs' claim against RPM International is not valid because RPM International "did not design, manufacture or sell the product involved in this lawsuit." (ECF No. 1, PageID #6). Defendants provided a declaration from Janeen Kastner, Vice President of RPM International, with their notice of removal. (*Id*. at PageID #31–32). In the declaration, Ms. Kastner stated that RPM International is "the ultimate corporate parent of Rust-Oleum Corporation and Rust-Oleum Sales Company, Inc." (*Id*. at PageID #31). She further stated that RPM International "does not exert dominion or control over the Rust-Oleum entities, as the Rust-Oleum entities operate largely independently of RPM International" and it "does not design, develop, create, formulate, manufacture, assemble, test, warrant, market, distribute, sell or otherwise place into the stream of commerce any product, in the State of Ohio or otherwise, including specifically the Rust-Oleum product involved in the lawsuit." (*Id*. at PageID #31–32). Defendants thus argue that RPM International cannot be liable because of the "general principle of corporate law" that "a parent corporation . . . is not liable for the acts of its subsidiaries." (ECF No. 14, PageID #205).

Whether RPM International is liable for its subsidiaries' product liability claims as a parent company is irrelevant to this motion. Plaintiffs accused both Rust-Oleum Corporation and RPM International of being "manufacturers" as defined in O.R.C. § 2307.71. (ECF No. 1, PageID #17). RPM International was not joined in this lawsuit as a parent company. (*Id.* at PageID #17–20). To negate the product liability claim, Defendants must prove that RPM International was not a manufacturer as alleged in the complaint. While Defendants, through Ms. Kastner's affidavit, deny that RPM International engaged in activities that fall within the definition of manufacturer

under Ohio statute, it is contested by Plaintiffs that RPM International, at minimum, exerted control over the manufacturing process of Rust-Oleum Corporation, if it was not directly involved. (ECF No. 12, Page ID #156–57).

In considering the motion to remand, the Court must not evaluate "whether Plaintiffs had adequate evidentiary support for their claim." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 956 (6th Cir. 2011) (holding that inquiring into facts and evidentiary support sets a higher standard than the colorable claim analysis and is therefore improper). Construing the contested issue in Plaintiffs' favor, the Court does not find that Defendants provided sufficient support to negate the possibility that RPM International was a manufacturer.

Without uncontested facts showing that RPM International was not a manufacturer or did not exert control in Rust-Oleum Corporation's manufacturing process, Plaintiffs retain "a glimmer of hope" in establishing their claim. *Rinehart v. Wal-Mart, Inc.*, No. 3:20-CV-102, 2020 WL 4937096, at *2 (N.D. Ohio Aug. 24, 2020) (quoting *Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 613 (E.D. Ky. 2014)). To demonstrate the lack of a colorable claim, Defendants must show "undisputed facts that negate the claim." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). Given the contested facts and remaining ambiguity regarding liability, the Court finds that RPM International, Inc. was not fraudulently joined because Plaintiffs presented a colorable cause of action against it.

### B.    Negligence-- Rust-Oleum Sales Company, Inc.

Plaintiffs raised a negligence claim against Rust-Oleum Sales Company, Inc. and Home Depot. (ECF No. 1, PageID #20). Plaintiffs allege that Rust-Oleum Sales owed a duty of reasonable care to consumers, "in the promotion, marketing, distribution, storage, handling and sale of the product so as to prevent reasonably foreseeable injuries, damages and loss from the

intended and reasonably foreseeable uses of the product." (*Id*.).  Plaintiffs argue that Rust-Oleum Sales breached that duty when it "failed to use ordinary care in its marketing, promotion and distribution of the subject product when it knew, or should have known, of the unreasonably dangerous condition of the product when used in an intended or reasonably foreseeable way." (*Id*.). Plaintiffs allege this breach "was a direct and proximate cause of the severe, catastrophic and permanent injuries, damages and loss" that Plaintiffs suffered. (*Id*.).  To demonstrate negligence, Plaintiffs must show the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *Rieger v. Giant Eagle, Inc*., 138 N.E.3d 1121, 1125 (Ohio 2019).

With their notice of removal, Defendants attached a declaration from John Brodersen, Vice President and General Counsel for Rust-Oleum Corporation and Assistant Secretary for Rust-Oleum Sales Company, Inc.  (ECF No. 1, PageID #34–36).  Mr. Brodersen alleges that Rust-Oleum Corporation and Rust-Oleum Sales Company, Inc. are separate and distinct legal entities that maintain separate operations, even though he maintains a role in both companies simultaneously.  (*Id*. at PageID #34).  He states that the Sales Company "employs salespeople who are involved in selling Rust-Oleum Corporation products to customers throughout the United States," but "the purchase of Rust-Oleum products are actually made from Rust-Oleum Corporation, not Rust-Oleum Sales Company, Inc." (*Id*. at PageID #35–36).

Plaintiffs note the overlapping structure between Rust-Oleum Corporation and Rust-Oleum Sales Company, citing to Mr. Brodersen's dual roles as evidence of this connection.  (ECF No. 12, PageID #151).  Plaintiffs also highlight that their claim against Rust-Oleum Sales Company was negligence in promotion and marketing, not in manufacturing.  (*Id.* at PageID #152).  Defendants do not dispute that Rust-Oleum Sales Company was involved in marketing and promotion of Rust-Oleum Corporation products.  (ECF No. 14, PageID #207–08).  However, Defendants contest their

role in distribution of the product at issue, reiterating that purchase orders are separately managed by Rust-Oleum Corporation.  (*Id*.).

Defendants have not presented evidence that Rust-Oleum Sales Company did not owe a duty to exercise "ordinary care in its marketing, promotion and distribution of the subject product," as alleged by Plaintiffs.  (ECF No. 1, PageID #20).  Based on the evidence presented, Rust-Oleum Sales Company appears to have engaged in marketing and promotion of the product at issue.  The available evidence does not foreclose the possibility that Plaintiffs will prevail on their negligence claim against Rust-Oleum Sales Company.

The Court concludes that Plaintiffs have presented a colorable cause of action against Rust-Oleum Sales Company, Inc.  Thus, Defendants have not met their burden to demonstrate fraudulent joinder of RPM International, Inc. and Rust-Oleum Sales Company, Inc.  Defendants RPM International, Inc. and Rust-Oleum Sales Company, Inc. are both Ohio citizens for purposes of diversity, so this Court lacks subject matter jurisdiction over this case.  Plaintiffs' motion to remand is **GRANTED**.

### C.    Attorney Fees and Expenses

Plaintiffs request "reasonable attorney fees and expenses as authorized by 28 U.S.C. § 1447(c)."  (ECF No. 12, PageID #157).  They assert that Defendants' "fundamentally flawed removal effort" needlessly delayed this case and caused Plaintiffs' counsel to expend significant time and effort to seek remand.  (*Id.*).

When remand is proper, the Court has discretion to order the non-moving party to pay for any expenses incurred as a result of removal, such as attorney fees.  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*,

546 U.S. 132, 141 (2005).

While Defendants' fraudulent joinder argument was unsuccessful, the Court does not find it objectively unreasonable.  Defendants provided relevant evidence to support their argument that Plaintiffs lacked colorable claims to justify removal for fraudulent joinder.  (*See* ECF No. 1). Defendants also responded to Plaintiffs' motion for remand, addressing counterarguments, citing relevant cases, and reinforcing their arguments for removal.  (ECF No. 14).  Accordingly, while the Court deems remand appropriate, it does not find Defendants' actions unreasonable. Therefore, the request for attorney fees and expenses is denied.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for remand.  This case is **REMANDED** back to the Stark County Court of Common Pleas.  Plaintiffs' request for jurisdictional discovery is **DENIED** as **MOOT**.  The Court **DENIES** Plaintiffs' request for attorney fees and expenses.

**IT IS SO ORDERED**.

Dated:  November 4, 2024

_____

**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

8